**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

SELECTIVE INSURANCE COMPANY
OF SOUTH CAROLINA,

     Plaintiff,

     v.                                                        Case No. 2:25-cv-603

EOS SURFACES, LLC,

     Defendant.

**OPINION & ORDER**

Before the Court is EOS Surfaces, LLC's motion for reconsideration of the Court's Opinion and Order denying EOS's motion to dismiss. ECF Nos. 24 (motion), 25 (memorandum). For the reasons stated below, reconsideration will be **GRANTED IN PART** and **DENIED IN PART**.

**I.     BACKGROUND**

EOS is a named defendant in several lawsuits brought in California state courts alleging toxic injuries caused by their industrial stone products. ECF No. 1 ¶ 2; *see* ECF No. 1-6. EOS sought defense and indemnity from Selective under the terms of commercial general liability and umbrella policies. ECF No. 1 ¶ 1. After Selective disclaimed coverage, both parties filed complaints for declaratory relief to determine Selective's obligations to EOS under the insurance policies—EOS in the California Superior Court for Los Angeles County, and Selective in this Court. *Id.* ¶¶ 3, 28, 30–39; ECF No. 16-1 ¶¶ 3, 85–89. EOS moved to dismiss Selective's complaint, arguing

that the Court should decline jurisdiction in light of the parallel state action. ECF Nos. 15 (motion), 16 (memorandum).

On March 26, 2026, the Court denied EOS's motion to dismiss. ECF No. 23. EOS timely moved for reconsideration, based in part on asserting that the stay in the California action had been lifted. ECF Nos. 24 (motion), 25 (memorandum). The Court stayed the case pending the soon-anticipated resolution of Selective's motion to dismiss for *forum non conveniens* in the California action and ordered the parties to file a joint status report regarding the same by no later than June 26, 2026. ECF No. 3226. The parties' joint status report informed the Court that the hearing on Selective's motion was rescheduled to early September. ECF No. 33 ¶ 10.

Shortly thereafter, the Court lifted the stay and informed the parties that it was prepared to rule on EOS's motion for reconsideration. ECF No. 34.

## II.   LEGAL STANDARDS

"[A]ny [interlocutory] order or other decision . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) (a district court has "the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment"). "A district court may grant a motion for reconsideration under Rule 54(b): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-363, 2014 WL 2121563, at

*1 (E.D. Va. May 20, 2014) (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (articulating the same standard for motions to amend a judgment under Fed. R. Civ. P. 59(e)).

A district court may also grant a motion for reconsideration where it has "patently misunderstood a party, [] has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Evans v. Trinity Indus., Inc.*, 148 F. Supp. 3d 542, 544 (E.D. Va. 2015) (internal citation and quotations omitted). But "the court should not reevaluate the basis upon which it made a prior ruling[] if the moving party merely seeks to reargue a previous claim." *United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997).

## III. ANALYSIS

EOS seeks reconsideration on three grounds, alleging that: (1) the Court committed clear error by applying *Colorado River* rather than the *Brillhart* abstention doctrine; (2) new developments in the procedural posture of the parallel state action should change the Court's conclusions regarding efficiency and entanglement; and (3) the Court committed clear error by finding that Virginia law will apply to the dispute if litigated in California. ECF No. 25 at 6–12.

EOS is correct that because *Brillhart* abstention applies, the Court has broader discretion to abstain from exercising jurisdiction than under the exceptional circumstances test of *Colorado River*. Accordingly, EOS's motion for reconsideration

will be granted insofar as the Court will excise all references to *Colorado River* and its progeny in its analysis of the *Nautilus* factors. *See, e.g.*, ECF No. 23 at 10–11, 17.

But the Court's discretion under *Brillhart* is "not unbounded." *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375 (4th Cir. 1994). "The critical question . . . is whether—on the facts of this case—the additional considerations of federalism, efficiency, and comity . . . are sufficiently compelling to justify a refusal to exercise jurisdiction, despite the obvious utility of the declaratory relief sought." *Nautilus Ins. Co.*, 15 F.3d at 377. After carefully examining each of the *Nautilus* factors governing the *Brillhart* analysis, the Court determined that the answer to that question was no—and so it remains. Though it would suit EOS's interests if the Court's misstep "infect[ed] the Opinion's entire analysis," ECF No. 25 at 8, that is not the case. Accordingly, reconsideration of the Court's decision based on clear error will be denied.[1]

EOS also argues that new developments in the California action support reconsideration. ECF No. 25 at 8–10. Even assuming changes stemming from the state court's initial status conference constitute "new evidence not available earlier,"[2]

---

[1] EOS also argues that the Court committed clear error by finding that Virginia law will govern interpretation of the insurance policy at issue. ECF No. 25 at 10–12. Whether California law might apply to the dispute if litigated in California is of no consequence because the questions of state law at issue are neither difficult, complex, nor unsettled. *See Nautilus Ins. Co.*, 15 F.3d at 378 (that issues are governed by substantive state law "alone provides no reason for declining to exercise federal jurisdiction" unless the state law questions are "difficult, complex, or unsettled.").

[2] EOS admits that it presents no evidence unavailable to it prior to the Court's ruling. ECF No. 25 at 8 (stating that the March 12, 2026 status conference was held prior to issuance of this Court's Order). If EOS felt that the California status conference

the Court is not persuaded that this evidence warrants reconsideration. To the extent that the stay has been lifted in the California suit, this appears designed to permit briefing on Selective's motion for *forum non conveniens*.[3] There have been no material changes to the progress of the parallel state litigation that alter the analysis on efficiency and entanglement.

Accordingly, with respect to the Court's findings as to each of the *Nautilus* factors, and the Court's ultimate determination that it will not exercise its discretion to decline jurisdiction, reconsideration will be denied.

## IV.  CONCLUSION

Defendant EOS Surfaces LLC's motion for reconsideration (ECF No. 24) is **GRANTED IN PART** to excise references to *Colorado River* and its progeny. In all other respects, reconsideration is **DENIED**.

**IT IS SO ORDERED.**

/s/ _____
Jamar K. Walker
United States District Judge

Norfolk, Virginia
July 13, 2026

---

resulted in material new developments that should impact the Court's abstention analysis, it was incumbent upon EOS to apprise the Court accordingly.

[3] The Court takes judicial notice of the Minute Order, ECF No. 25-1, which is a matter of public record. *See* Fed. R. Evid. 201(c)(2); *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004).